Robert McQuilkin, appellee v. John E. Ford et al.,
appellants.

Filed July 3, 1917. No. 19594.

1. **Mortgages: Foreclosure: Distribution of Proceeds.** One holding a deed of real estate, given to secure him in the payment of any advancements made by him, and who pays one of a series of notes secured by a mortgage on the real estate, is not entitled, in proceedings by the mortgagee to foreclose the mortgage, to share *pro rata* in the proceeds of the mortgaged property.

2. ————: **Insurance.** In the absence of any agreement therefor, the mortgagee is under no obligation to insure buildings on the mortgaged premises, nor to prosecute at his own expense a disputed claim for insurance on account of a prior policy which he had held, covering the building destroyed.

Appeal from the district court for Red Willow county: Ernest B. Perry, Judge. *Affirmed.*

*Lambe & Butler,* for appellants.

*G. E. Simon* and *H. W. Keyes,* contra.

Cornish, J.

In this action plaintiff seeks foreclosure of a mortgage securing notes given to him as part of the purchase price for land sold, making Ford, mortgagor, and Ballah, then holder of the legal title, defendants. Ford in his answer claims certain credits on the note and $1,500 credit on account of the plaintiff's failure to recover insurance on a building destroyed by a wind-storm. The defendant Ballah, by way of cross-petition, also asks foreclosure of a $2,100 note, being one of the notes secured by the mortgage. Plaintiff in his reply denies liability on account of the wind-storm destroying the building, and denies that the $2,100 note in Ballah's possession was assigned to him; alleges that it was paid, and that his lien for the remaining notes is superior thereto. The trial court found generally for the plaintiff; found that Ford should be credited with $80 interest on the notes; that no liability

existed on account of the destruction of the building; that there was due defendant Ballah from Ford $2,100 on account of the note set forth in the answer and cross-petition; and gave Ballah a lien upon the land inferior, however, to that of the plaintiff.

The defendant Ballah assigns as error the judgment of the court in making his lien inferior to that of the plaintiff.

When the $2,100 note became due the plaintiff took it to the bank where it was made payable, and asked for and received from the cashier of the bank the amount of money due. The cashier at the time wrote an assignment to himself, as cashier, on the back of the note, which plaintiff signed. No negotiations for a transfer of the note were had between them, and the plaintiff did not know that he was assigning the note. Afterwards the defendant Ballah paid to the bank the amount of the note; it was stamped "paid" by the bank and delivered to him.

It appears that prior to this time Ballah, who had been president of the bank, and was then vice-president, living at Norfolk, had spoken to the cashier about the note, saying, as testified to by the cashier, that when the note was presented the bank should "take it up and hold it for him;" that he wanted the bank to "carry him in the bank." In the original sale of the land all of the negotiations were with Ballah. Following the sale Ford gave a deed of the land to Ballah, who testified that it was intended to operate as a mortgage. All payments had been made by Ballah.

The bank never undertook to assign the note to Ballah or to purchase it for him. When it received the final payment from Ballah, it very properly stamped the note "paid." This should have been and we think was intended by the parties as a payment, so far as the plaintiff was concerned. The trial court did not find there was an assignment of the note to Ballah, but gave him a lien in the amount of the note inferior to that of plaintiff. This may have been proper relief in equity. No objection was

made to it.  We are of opinion that the defendant Ballah was not entitled to a *pro rata* share of the proceeds of sale on foreclosure; nor to have his lien, if any, equal in priority to that of plaintiff.

At the time of the sale of the land the plaintiff held some unexpired insurance upon the buildings, including the one destroyed in the wind-storm, and attempted to sell the insurance to the purchaser.  Ballah, who negotiated the purchase, declined to buy, as he wrote insurance himself.  When the building was destroyed the plaintiff interviewed the insurance agent, who advised him that nothing could be recovered because the building had been too long unoccupied and because of the change of title.  Whether this would have been a good defense or not, plaintiff, under the circumstances, owed no duty to either of the defendants touching the insurance.

On examination of the testimony, we are of opinion that the court did not err in the credit allowed on interest as found in the decree.

AFFIRMED.

HAMER, J., not sitting.